Daniel *vs.* Swift, Murphy & Company.

---

WILLIAM A. DANIEL, plaintiff in error, *vs.* SWIFT, MURPHY & COMPANY, defendants in error.

A warehouseman and factor who has made advances on cotton stored with him, is not estopped from claiming reimbursement out of the proceeds of the sale thereof, from a mere omission to inform a purchaser of the cotton that such advances had been made, when the purchaser deposits the receipts for the cotton with him, and directs that it be sold on his (the purchaser's) account.

Factors. Lien. Estoppel. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1874.

Swift, Murphy & Company brought complaint against Daniel, on an account for $151 80. The defendant pleaded the general issue and set-off as follows:

| SWIFT, MURPHY & COMPANY TO WILLIAM A. DANIEL. | *Dr.* |
|---|---|
| February 27, 1869. To six bales of cotton | $699 50 |
| Interest for six months | 26 52 |
| | $726 02 |
| Credit by cash | 409 50 |
| | $316 52 |

The evidence presented the following facts:

One Perryman deposited with plaintiffs, as warehousemen and factors, six bales of cotton, upon which they made various advances to him. Subsequently he transferred the cotton receipts to defendant, who handed them to the plaintiffs, with instructions to sell the cotton on his account. Plaintiffs said nothing to him in reference to the advances. They sold the cotton, deducted the amount advanced by them, and paid the balance, $409 50, to defendant. The defendant claimed that the entire proceeds of the cotton, less commissions, should be paid to him. This constituted the basis of his claim of set-off.

The defendant requested the court to charge the jury, that if, at the time "the defendant deposited the receipts with the plaintiffs with instructions to sell the cotton on his account, the plaintiffs made no claim for advances made by them to Perryman, then the plaintiffs are bound to the defendant for the proceeds of the sale of the cotton, notwithstanding advances they may have made to Perryman."

The court refused thus to instruct the jury, and charged to the contrary. To this the defendant excepted.

The jury found for the plaintiffs. Error is assigned upon the above grounds of exception.

WILLIS & WILLIS; BLANDFORD & GARRARD, for plaintiff in error.

E. H. WORRILL, for defendants.

TRIPPE, Judge.

The mere omission of Swift, Murphy & Company to inform Daniel that they had made advances to Perryman, on the cotton, when Daniel left the receipts with them and directed the sale of the cotton, was not a forfeiture of their lien as factors on the cotton. Had the request made by Daniel to the court to charge the jury gone further, and been authorized by the evidence, to-wit: that if Daniel had been damaged by such omission, then to the extent of such damage he could deny plaintiff's right to retain for advances made by them, it

would have presented a different question.   But as the case is presented in the record, it would be a hard rule to say, that where a factor receives orders to sell from a purchaser of the consignor of goods in the factor's hands on which he has a lien for advances—indeed, in which he has a qualified property—he loses his lien, his property, by failing to notify such purchaser of the fact that the advances had been made.   Something more than the omission to give notice is required.

Judgment affirmed.